Eric **WOODRUFF**, Plaintiff–Appellant,

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant– Appellee.**

No. 10–0325–CV.

United States Court of Appeals, Second Circuit.

Dec. 22, 2010.

Eric M. Woodruff, Brooklyn, NY, pro se.

William G. Ballaine (Kevin P. Sullivan, on the brief), Landman Corsi Ballaine & Ford P.C., New York, NY, for Appellee.

**SUMMARY ORDER**

*Pro se* plaintiff Eric Woodruff, who sued defendant National Railroad Passenger Corporation under federal and state law for disability discrimination in employment, appeals from the dismissal of his Americans with Disabilities Act claims as time-barred. *See* 42 U.S.C. § 12112 *et seq.*[1] We review a district court's dismissal of a complaint *de novo*, accepting the allegations as true and drawing all reasonable inferences in plaintiff's favor, *see, e.g., LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475–76 (2d Cir.2009), consistent with the pleading standards articulated in *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, we assume the parties' familiarity with the facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

Upon careful review of the record, we conclude that plaintiff's claims were properly dismissed for the reason stated by the district court, *i.e.*, they were untimely filed. *See* 42 U.S.C. § 12117(a); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). We are not persuaded by plaintiff's contention that his administrative complaint was timely filed within 300 days of the final disposition of a grievance proceeding challenging his termination because "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *see also Bates v. Long Island R.R.*, 997 F.2d 1028, 1037 (2d Cir.1993) (noting that "grievance proceeding did not toll the limitations period" for disability discrimination claim).

We have considered Woodruff's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

---

1. As Woodruff's appeal does not address his New York State Human Rights Law claim, we deem all arguments with respect to this cause of action waived. *See, e.g., Nationwide Mut. Ins. Co. v. Mortensen*, 606 F.3d 22, 28–29 (2d Cir.2010). In any event, this claim is also time-barred because Woodruff failed to file suit within three years of termination as required by New York law. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir.1997) (citing *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 306–07, 461 N.Y.S.2d 232, 238–40, 448 N.E.2d 86 (1983)).